UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ELIZABETH MATU-DADIE,                    :
                    Plaintiff,           :
                                         :
         v.                              :          No. 5:17-cv-05451
                                         :
WERNERSVILLE STATE HOSPITAL,             :
                    Defendant.[1]        :
_____  :

**O P I N I O N**
**Defendant's Motion to Dismiss, ECF No. 10 - Granted**

**Joseph F. Leeson, Jr.**                                    **July 20, 2018**
**United States District Judge**

## I.      INTRODUCTION

        Plaintiff Elizabeth Matu-Dadie initiated this employment discrimination action against

her former employer Defendant Wernersville State Hospital pursuant to Tile VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).  The Hospital has filed a Motion to Dismiss,

asserting that Matu-Dadie did not sufficiently allege that her termination was a result of

discrimination.  The Hospital argues that Matu-Dadie failed, *inter alia*, to identify the decision-

maker who terminated her or to assert how, especially in light of the Hospital's stated reasons for

her termination, that her termination was due to racial or national origin discrimination.  Having

found that the Complaint failed to state a claim, it is dismissed without prejudice and Matu-

Dadie is given leave to amend.

## II.     STANDARD OF REVIEW

        In rendering a decision on a motion to dismiss, this Court must "accept all factual

allegations as true [and] construe the complaint in the light most favorable to the plaintiff."

_____

[1]        This case was reassigned to the Undersigned on July 17, 2018.  *See* ECF No. 17.

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.    BACKGROUND

Defendant Wernersville State Hospital is an inpatient treatment facility serving individuals with mental illness. Compl. 18,[2] ECF No. 3. Matu-Dadie was hired on September 12, 2016, as an Aide Trainee on probationary status. *Id.* at 19. She was removed from this position effective March 10, 2017, prior to the expiration of her probationary status. *Id.* at 3, 19. In the removal letter dated March 9, 2017, the Hospital stated that the reason for termination was

---

[2]    Attached to the five-page Complaint are numerous documents, which this Court may consider in deciding the Motion to Dismiss. *See Winer Family Tr. v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007) (explaining that in deciding a motion to dismiss, the court may consider "documents incorporated into the complaint by reference").

Although Matu-Dadie includes a Table of Contents, the documents are not marked as separate exhibits and it is not always clear which pages belong to which documents. Additionally, they do not contain page numbers. Accordingly, this Court refers to the page numbers assigned by the Electronic Case Management Filing System.

twofold: (1) Negligent Individual Abuse because Matu-Dadie allegedly walked away from her observation assignment, leaving a patient unattended despite orders to "maintain a constant line of sight of the patient;" and (2) Non-Physical Individual Abuse for an incident with two co-workers after Matu-Dadie allegedly left the patient unattended and allegedly argued with her co-workers about leaving her assignment in an inappropriate and disruptive manner that caused a commotion that could be heard down the hall. *Id.* at 13, 19-20.

## IV.    ANALYSIS

### A.    Matu-Dadie failed to state a claim of race discrimination.

A prima facie case of employment discrimination requires the plaintiff to show that: (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the circumstances raise an inference of discriminatory action. *Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797-98 (3d Cir. 2003). However, at the motion to dismiss stage, the plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotations omitted). Thus, while a plaintiff need not convince the court of any of these elements, she cannot merely state that she was terminated due to race or national origin because "[t]hat is a conclusory assertion and will not suffice. Instead, [s]he must plead facts that plausibly connect [her race or] national origin to [her] discharge." *Santos v. Iron Mt. Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014) (concluding that the plaintiff's naked assertion that he was discharged because he is Honduran failed to state a claim).

The central focus in a discrimination case is "whether the employer is treating 'some people less favorably than others because of their race, color, religion, sex, or national origin.'"

*Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978) (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15. (1977)).  However, Matu-Dadie failed (1) to allege that someone similarly situated was treated more favorably, (2) to present any allegations of discriminatory statements made by any supervisor at the Hospital who was involved with the decision to terminate her, and (3) to offer any evidence of discriminatory motive to support her allegations.  *See Groeber v. Friedman & Schuman, P.C.*, 555 F. App'x 133, 135 (3d Cir. 2014) (concluding that the plaintiff's subjective belief that race played a role in the employment decisions was not sufficient to establish an inference of discrimination).

The Complaint merely alleges that the Hospital used false allegations (two infractions) to terminate the employment of Matu-Dadie, who is black and from Kenya, and that she was fired three days before the expiration of her probationary status.  Compl. 3.  There are no allegations as to who filed the infractions or who made the decision to terminate her employment.  Although she alleges that her second-shift manager, Andrew, wanted to terminate her employment, she does not allege that he actually had the authority to make such a decision or offer any evidence to suggest that the decision was race-based.  Rather, Matu-Dadie makes one unsupported statement that her second shift manager was known "to go after staff he does not like, especially African-Americans."  *Id.* at 8, 24.  There are also no allegations that Matu-Dadie was qualified for the position, nor any factual allegations from which this Court could reasonably make such an inference in light of her probationary status and the alleged infractions made against her.  Matu-Dadie's remaining allegations regarding racial animus, which are discussed in the section below, are not attributed to any employee of the Hospital, let alone someone with the authority to terminate her employment.

For all these reasons, the race discrimination claim is dismissed without prejudice and Matu-Dadie is granted leave to amend.

**B.      Matu-Dadie failed to state a hostile work environment claim.**

To state a hostile work environment claim based on racial discrimination, "a plaintiff must show that (1) [s]he suffered intentional discrimination because of race, (2) the discrimination was pervasive and regular, (3) the discrimination detrimentally affected [her], (4) the discrimination would detrimentally affect a reasonable person of the same race in that position, and (5) the existence of respondeat superior liability." *Johnson v. Bally's Atl. City*, 147 F. App'x 284, 286 (3d Cir. 2005). When the source of harassment is not a supervisory employee,[3] "a plaintiff must demonstrate that the employer failed to provide a reasonable avenue for complaint, or, if the employer was aware of the alleged harassment, that it failed to take appropriate remedial action." *Weston v. Pennsylvani*a, 251 F.3d 420, 427 (3d Cir. 2001). "[T]o determine whether the remedial action was adequate, [the court] must consider whether the action was reasonably calculated to prevent further harassment." *Knabe v. Boury Corp.*, 114 F.3d 407, 412 (3d Cir. 1997) (internal quotations omitted) (holding that even if the investigation is lacking, the employer cannot be held liable unless the remedial action taken subsequent to the investigation is also lacking). "In analyzing a hostile work environment claim, [the court] must look at the totality of the circumstances including the frequency of the conduct, its severity, whether it is physically threatening or humiliating, and whether it unreasonably interferes with the work performance of the employee." *Kidd v. MBNA Am. Bank, N.A.*, 93 F. App'x 399, 402 (3d Cir. 2004).

---

[3]      "An employer may be liable under Title VII for the harassing conduct of third parties if the employer was aware of the conduct and failed to take reasonable remedial action in response." *Johnson*, 147 F. App'x at 286.

Here, Matu-Dadie alleges that she suffered race-based harassment by a patient of the Hospital, which this Court construes[4] as a hostile work environment claim. She alleges that on December 25, 2016, a "consumer"[5] humiliated her by making racial remarks, such as "I don't like black people" and calling her the "N" word. Compl. 29-31. Matu-Dadie alleges that she reported the harassment to the charge nurse Linda McArthur, but that her complaint was ignored. *Id.* at 30.

The Complaint also avers that on January 18, 2017, the same consumer allegedly saw Matu-Dadie and "started to make comments." *Id.* at 33-34. However, there are no allegations in the pleadings as to the nature of these "comments." While it appears that Matu-Dadie may have reported the incident to someone at the Hospital, *see id.* at 35, it is not clear to whom she complained. Matu-Dadie also refers to "clicks" and to another consumer as being an instigator, but includes no specific factual allegations in this regard. *Id.* at 35. Finally, three emails are attached to the Complaint in which Matu-Dadie refers to other incidents. *Id.* at 36-39. But, it is unclear from these emails who was involved in the alleged incidents or even what transpired. *See id.* Significantly, there is no mention of race in any of the allegations described in this paragraph.

The only allegations that are factually specific in support of the hostile work environment claim relate to the incident on December 25, 2016, when a patient made racial remarks to Matu-Dadie. But, this single incident does not show that the discrimination was pervasive. *See Hartwell v. Lifetime Doors, Inc.*, No. 05-2115, 2006 U.S. Dist. LEXIS 6026, at *37-39 (E.D. Pa.

---

[4]  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that pro se documents are to be "liberally construed").

[5]  A reasonable inference from the allegations is that a "consumer" is a patient of the Hospital. *See, e.g.* Compl. 30 (mentioning "the wheelchair of a consumer who stood up at the window for her Meds" and other "consumers who were lining up for their Meds").

Feb. 16, 2006) (concluding that two incidents of explicit racial harassment, along with one incident of harassment unrelated to race, over a ten-day period was not sufficiently frequent to state a hostile work environment claim). Even if this Court infers that the "comments" made on January 18, 2017, were racially based, these two incidents would also not be sufficient. *See id.* Additionally, although under certain circumstances an extreme isolated act of discrimination can create a hostile work environment, the circumstances in the instant action do not support such a finding. *Cf. Castleberry v. STI Grp.*, 863 F.3d 259, 265 (3d Cir. 2017) (concluding that a supervisor's use of a racially charged slur in front of the employees' non-African American coworkers, coupled in the same breath by threats of termination, was sufficiently severe). Further, a reasonable person of the same race in the same position as Matu-Dadie would not have been detrimentally affected. Rather, "[i]t is objectively unreasonable for an employee in [a care facility for persons with mental conditions] to perceive a racially hostile work environment based solely on statements made by those who are mentally impaired." *EEOC v. Nexion Health at Broadway, Inc.*, 199 F. App'x 351, 353-54 (5th Cir. 2006) (determining that although the racial harassment of a nurse by a resident at the nursing home, which cared primarily for elderly persons with mental conditions, was both severe and frequent- comments made about three to four times a week over a number of months, "they were not so frequent as to pervade the work experience of a reasonable nursing home employee, especially considering their source").

In light of the fact that Matu-Dadie worked as an Aide at an inpatient facility that served individuals with mental illness, she also has not shown that the Hospital failed to take appropriate remedial action.[6] "Absorbing occasional verbal abuse from [mental health] patients was not merely an inconvenience associated with [her] job; it was an important part of the job

---

[6] Matu-Dadie does not allege that the Hospital failed to provide a reasonable avenue for complaint.

itself. This unique aspect of [Matu-Dadie's] line of employment is a vital consideration." *Nexion*

*Health at Broadway, Inc.*, 199 F. App'x at 354.

The hostile work environment claim is therefore dismissed without prejudice.

**C.  Matu-Dadie is granted leave to amend.**

Although this Court questions whether leave to amend would be futile, it will

nevertheless grant Matu-Dadie an opportunity to amend her Complaint.  *See Grayson v.*

*Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (holding that in the absence of undue

delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment, a court should grant

a plaintiff leave to amend a deficient complaint after a defendant moves to dismiss it).  Matu-

Dadie is advised that if she files an amended complaint, the "amended complaint must be

complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  It must

be a new pleading which stands by itself without reference to the original complaint.  *Id.*  The

amended complaint "may not contain conclusory allegations[; r]ather, it must establish the

existence of specific actions by the defendants which have resulted in constitutional

deprivations." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)).  "The amended complaint must

also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." *Id.*

(citing Fed. R. Civ. P. 8(e)(1)).  When referring to any individual in her pleadings, she must

clearly identify that person by name and title if a Hospital employee, but need only refer to a

patient by first name and last initial in order to protect the patient's privacy.

**IV.  CONCLUSION**

Matu-Dadie fails to offer sufficient factual allegations to support her subjective belief that

she was terminated based on her race.  Additionally, her allegations of racial harassment by a

mental health patient at the Hospital are neither sufficiently severe nor pervasive to constitute

harassment.  Matu-Dadie failed to show that the Hospital, which served individuals with mental illness, failed to take appropriate remedial action because such occasional verbal abuse by a mental health patient was part of her job.  The Complaint is therefore dismissed, but Matu-Dadie is granted leave to file an amended complaint.

A separate order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge