UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ELIZABETH MATU-DADIE,                    :
                     Plaintiff,          :
                                         :
          v.                             :          No. 5:17-cv-05451
                                         :
WERNERSVILLE STATE HOSPITAL,             :
                     Defendant.          :
_____

**O P I N I O N**
**Defendant's Motion to Dismiss, ECF No. 24 - Granted**

**Joseph F. Leeson, Jr.**                                    **September 20, 2018**
**United States District Judge**

## I.        INTRODUCTION

Plaintiff Elizabeth Matu-Dadie initiated this employment discrimination action against
her former employer Defendant Wernersville State Hospital pursuant to Tile VII of the Civil
Rights Act of 1964, 42 U.S.C. § 2000e-2.  The original Complaint was dismissed for failure to
state a claim, but Matu-Dadie was granted leave to file an amended complaint.  Currently
pending is the Hospital's Motion to Dismiss the Amended Complaint.

Because the Amended Complaint fails to allege sufficient factual allegations to support
Matu-Dadie's subjective belief that she was terminated based on her race, her employment
discrimination claim is dismissed with prejudice.  The hostile work environment claim is also
dismissed with prejudice because Matu-Dadie has failed to allege any factual allegations to
show, *inter alia*, that the alleged discrimination was pervasive and regular, or that the Hospital
failed to take appropriate remedial action.  Consequently, the Amended Complaint is dismissed
with prejudice, and the case is closed.

## II. STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III. BACKGROUND

Defendant Wernersville State Hospital is an inpatient treatment facility serving individuals with mental illness. Am. Compl. 7,[1] ECF No. 23. Matu-Dadie was hired on September 12, 2016, as an Aide Trainee on probationary status. *Id.* at 8. She was removed from

---

[1] Attached to the Amended Complaint are numerous documents, which this Court may consider in deciding the Motion to Dismiss. *See Winer Family Tr. v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007) (explaining that in deciding a motion to dismiss, the court may consider "documents incorporated into the complaint by reference").

The documents are not marked as separate exhibits, nor are they numbered. Accordingly, this Court refers to the page numbers assigned by the Electronic Case Management Filing System.

this position effective March 10, 2017, prior to the expiration of her probationary status. *Id.* at 3, 8. In the removal letter dated March 9, 2017, the Hospital stated that the reason for termination was twofold: (1) Negligent Individual Abuse because Matu-Dadie allegedly walked away from her observation assignment, leaving a patient unattended despite orders to "maintain a constant line of sight of the patient;" and (2) Non-Physical Individual Abuse for an incident with two co-workers after Matu-Dadie allegedly left a patient unattended and allegedly argued with her co-workers about leaving her assignment in an inappropriate and disruptive manner that caused a commotion that could be heard down the hall. *Id.* at 18-19. Matu-Dadie, however, alleges that these infractions are false and that she was terminated based on her race. *See generally* Am. Compl. She complains about her supervisor's decision to investigate and terminate her employment, and about racist comments made to her by a mental health patient. *See id.*

After liberal construction,[2] this Court construed Matu-Dadie's allegations as asserting claims of race-based discrimination and hostile work environment. *See* Opn., ECF No. 20. On July 23, 2018, this Court granted the Hospital's Motion to Dismiss the original Complaint for failure to state a claim, but gave Matu-Dadie leave to amend. *See id.*

Matu-Dadie filed an Amended Complaint. However, the five-page Amended Complaint is an exact copy of the original Complaint, except that Matu-Dadie crossed out the date she signed the original Complaint and wrote in a new date. *Compare* Compl.1-5, ECF No. 3, *with* Am. Compl. 1-5. The documents attached to the Amended Complaint are substantially similar to those attached to the original Complaint. While several documents have been omitted from the amended filing, two new pages are included: (1) a page from Matu-Dadie's statement regarding the incident on January 18, 2017, which was missing from the attachments to the original

---

[2]   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that pro se documents are to be "liberally construed").

Complaint, and (2) an email from Matu-Dadie to Derrick Mitchell on February 9, 2017, at 12:27 p.m. *See* Am. Compl. 32, 35.

After the Amended Complaint was filed, the Hospital filed a Motion to Dismiss, which is the subject of this Opinion. *See* Mot., ECF No. 24. In response, Matu-Dadie filed a letter dated September 4, 2018, asking the Court not to grant the Motion, *see* Letter, ECF No. 25, and a Response to the Motion, *see* Resp., ECF No. 26.

Although Matu-Dadie was advised that her amended complaint had to "be complete in all respects," *see* Opn. 8 (quoting *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992)), this Court will nevertheless incorporate Matu-Dadie's factual allegations in her *pro se* Letter and Response in deciding whether to dismiss the Amended Complaint. Notably, Matu-Dadie alleges, for the first time, that her supervisor Andrew Rabuck made the decision to fire her, *see* Letter,[3] and that she was qualified for her position at the Hospital, *see* Resp.

## IV.    ANALYSIS[4]

### A.    Matu-Dadie fails to state a claim of race-based employment discrimination.

A prima facie case of employment discrimination requires the plaintiff to show that: (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the circumstances raise an inference of discriminatory action. *Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797-98 (3d Cir. 2003). At the motion to dismiss stage, the plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotations omitted). While a plaintiff need

---

[3]    To the extent that the letter raises issues regarding Matu-Dadie's request for default, which was denied on July 18, 2018, all such issues were addressed in the Order denying default. *See* Order, ECF No. 19.

[4]    This Court incorporates herein the Opinion issued on July 20, 2018.

not convince the court of any of the elements of an employment discrimination claim, she cannot merely state that she was terminated due to race or national origin because "[t]hat is a conclusory assertion and will not suffice. Instead, [s]he must plead facts that plausibly connect [her race or] national origin to [her] discharge." *Santos v. Iron Mt. Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014) (concluding that the plaintiff's naked assertion that he was discharged because he is Honduran failed to state a claim).

The central focus in a discrimination case is "whether the employer is treating 'some people less favorably than others because of their race, color, religion, sex, or national origin.'" *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978) (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15. (1977)). However, Matu-Dadie fails (1) to allege that someone similarly situated was treated more favorably, (2) to present any allegations of discriminatory statements made by any supervisor at the Hospital who was involved with the decision to terminate her, and (3) to offer any evidence of discriminatory motive to support her allegations. *See Groeber v. Friedman & Schuman, P.C.*, 555 F. App'x 133, 135 (3d Cir. 2014) (concluding that the plaintiff's subjective belief that race played a role in the employment decisions was not sufficient to establish an inference of discrimination).

The Amended Complaint alleges that the Hospital used false infractions to terminate the employment of Matu-Dadie, who is black and from Kenya, and that she was fired three days before the expiration of her probationary status. Am. Compl. 3. While Matu-Dadie's letter dated September 4, 2018, suggests that her supervisor Andrew Rabuck may have filed the infractions and made the decision to terminate her employment, she has again failed to offer any evidence to suggest that the decision was race-based. In fact, Matu-Dadie chose not to attach to her Amended Complaint the one document in which she alleged that Rabuck was known "to go after staff he does not like, especially African-Americans." *Compare* Compl. 8, *with* Am.

Compl. 1-36.  Regardless, as was explained in the Opinion dismissing the original Complaint, such an unsupported allegation is insufficient to state a claim, *see* Opn. 3-4 (citing *Santos*, 593 F. App'x at 119; *Groeber*, 555 F. App'x at 135), and Matu-Dadie's remaining allegations regarding racial animus are not attributed to Rabuck or to any other employee of the Hospital.

For all these reasons and for those discussed in the Opinion dated July 20, 2018, the race-based employment discrimination claim is dismissed with prejudice.

### B.   Matu-Dadie fails to state a hostile work environment claim.

To state a hostile work environment claim based on racial discrimination, "a plaintiff must show that (1) [s]he suffered intentional discrimination because of race, (2) the discrimination was pervasive and regular, (3) the discrimination detrimentally affected [her], (4) the discrimination would detrimentally affect a reasonable person of the same race in that position, and (5) the existence of respondeat superior liability." *Johnson v. Bally's Atl. City*, 147 F. App'x 284, 286 (3d Cir. 2005).  When the source of harassment is not a supervisory employee,[5] "a plaintiff must demonstrate that the employer failed to provide a reasonable avenue for complaint, or, if the employer was aware of the alleged harassment, that it failed to take appropriate remedial action." *Weston v. Pennsylvani*a, 251 F.3d 420, 427 (3d Cir. 2001).  "[T]o determine whether the remedial action was adequate, [the court] must consider whether the action was reasonably calculated to prevent further harassment." *Knabe v. Boury Corp.*, 114 F.3d 407, 412 (3d Cir. 1997) (internal quotations omitted) (holding that even if the investigation is lacking, the employer cannot be held liable unless the remedial action taken subsequent to the investigation is also lacking).  "In analyzing a hostile work environment claim, [the court] must look at the totality of the circumstances including the frequency of the conduct, its severity,

---

[5]      "An employer may be liable under Title VII for the harassing conduct of third parties if the employer was aware of the conduct and failed to take reasonable remedial action in response." *Johnson*, 147 F. App'x at 286.

whether it is physically threatening or humiliating, and whether it unreasonably interferes with the work performance of the employee." *Kidd v. MBNA Am. Bank, N.A.*, 93 F. App'x 399, 402 (3d Cir. 2004).

Matu-Dadie alleges that she suffered race-based harassment by a patient of the Hospital, which this Court has construed as a hostile work environment claim.[6] She alleges that on December 25, 2016, a "consumer"[7] humiliated her by making racial remarks, such as "I don't like black people" and calling her the "N" word. Am. Compl. 27-30. Matu-Dadie alleges that she reported the harassment to the charge nurse Linda McArthur, but that her complaint was ignored. *Id.* at 28-30.

In the Opinion dismissing the original Complaint, this Court commented that while Matu-Dadie referred to another incident on January 18, 2017, in which a consumer saw Matu-Dadie and "started to make comments," there were no allegations as to the nature of these "comments" or to whom Matu-Dadie may have reported the incident to. *See* Opn. 6-7. Additionally, this Court stated that while Matu-Dadie made references to "clicks" and to another consumer as being an instigator, she did not include any specific factual allegations in this regard. *See id.* This Court also considered the three emails attached to the original Complaint in which Matu-Dadie referred to other incidents, but explained that it was unclear from these emails who was involved in the alleged incidents or even what transpired, and that there was no mention of race

---

[6]     To the extent that Matu-Dadie complains that Rabuck repeatedly put her under investigation and that Rabuck's wife, who "was the scheduler," cancelled Matu-Dadie's overtime days, *see* Resp., there are no factual allegations to suggest these actions were taken on the basis of Matu-Dadie's "race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2; *Anderson v. Boeing Co.*, 694 F. App'x 84, 89 (3d Cir. 2017) (explaining that in order to establish a hostile work environment claim, the plaintiff must show, *inter alia*, that she suffered intentional discrimination because of a protected characteristic).

[7]     A reasonable inference from the allegations is that a "consumer" is a patient of the Hospital. *See, e.g.* Am. Compl. 28 (mentioning "the wheelchair of a consumer who stood up at the window for her Meds" and other "consumers who were lining up for their Meds").

in any of the allegations.  *See id.*  Although Matu-Dadie has attached the documents and emails containing these allegations to her Amended Complaint, *see* Am. Compl. 31-36, she has made no attempt to clarify these incidents or to offer any other allegations about these incidents.

The single incident on December 25, 2016, does not show that the discrimination was pervasive.  *See Hartwell v. Lifetime Doors, Inc.*, No. 05-2115, 2006 U.S. Dist. LEXIS 6026, at *37-39 (E.D. Pa. Feb. 16, 2006) (concluding that two incidents of explicit racial harassment, along with one incident of harassment unrelated to race, over a ten-day period was not sufficiently frequent to state a hostile work environment claim).  Even if this Court infers that the "comments" made on January 18, 2017, were racially based, these two incidents would also not be sufficient.  *See id.*  Further, although under certain circumstances an extreme isolated act of discrimination can create a hostile work environment, the circumstances in the instant action do not support such a finding, and a reasonable person of the same race in the same position as Matu-Dadie would not have been detrimentally affected.  Rather, "[i]t is objectively unreasonable for an employee in [a care facility for persons with mental conditions] to perceive a racially hostile work environment based solely on statements made by those who are mentally impaired."  *EEOC v. Nexion Health at Broadway, Inc.*, 199 F. App'x 351, 353-54 (5th Cir. 2006) (determining that although the racial harassment of a nurse by a resident at the nursing home, which cared primarily for elderly persons with mental conditions, was both severe and frequent (comments made about three to four times a week over a number of months), "they were not so frequent as to pervade the work experience of a reasonable nursing home employee, especially considering their source").

Finally, because Matu-Dadie worked as an Aide at an inpatient facility that served individuals with mental illness, she has not shown that the Hospital failed to take appropriate

remedial action.[8]  To the contrary, "[a]bsorbing occasional verbal abuse from [mental health] patients was not merely an inconvenience associated with [her] job; it was an important part of the job itself. This unique aspect of [Matu-Dadie's] line of employment is a vital consideration." *Nexion Health at Broadway, Inc.*, 199 F. App'x at 354.

The hostile work environment claim is therefore dismissed with prejudice.

## IV.    CONCLUSION

Matu-Dadie fails to offer sufficient factual allegations to support her subjective belief that she was terminated based on her race, or to show that a Hospital supervisor created a hostile work environment.  Matu-Dadie also fails to allege sufficient facts to show that her alleged racial harassment by a mental health patient at the Hospital was sufficiently severe and pervasive to constitute harassment, or that the Hospital failed to take appropriate remedial action.  Despite this Court's Opinion outlining the deficiencies in the original Complaint, Matu-Dadie has failed offer any additional facts in her amended pleadings to support her claims.  Additional leave to amend would therefore be futile, and the Amended Complaint is dismissed with prejudice.

A separate order will be issued.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

---

[8]    Matu-Dadie does not allege that the Hospital failed to provide a reasonable avenue for complaint.